IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RODERICK BO JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-088 |
| | ) | |
| DONOVAN HAMILTON, Warden; | ) | |
| PATRICIA CLARK, Health Case Service | ) | |
| Administrator; and LISA KING, Case | ) | |
| Manager/Counselor,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

---

[1] The Court **DIRECTS** the **CLERK** to add Lisa King as a Defendant on the docket in accordance with the caption of this Order, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 4.)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II.   DISCUSSION

### A.   Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Jackson v. Phillips, CV 415-127 (S.D. Ga. Nov. 25, 2015) (dismissing as frivolous); (2) Jackson v. Ruffini, CV 414-249 (S.D. Ga. Nov. 25, 2015) (dismissing as frivolous); and (3) Jackson v. Grogan, CV 414-250 (S.D. Ga. Nov. 25, 2015) (dismissing as frivolous); see also Jackson v. State of Georgia, CV 417-046 (S.D. Ga. Apr. 28, 2017) (dismissed for three strikes under § 1915(g)). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he

can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B. Plaintiff Does Not Qualify for the Imminent Danger Exception

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  In order to come within the imminent danger exception based on failure to treat a serious medical need, a prisoner must allege a "'total withdrawal of treatment for [his] serious diseases . . . .'"  Mitchell, 873 F.3d at 874 (quoting Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004)).

Plaintiff alleges he first complained of an infected scalp, which bled, hurt, and itched, on January 24, 2018.  (Doc. no. 1, p. 5.)  One to two weeks later, Plaintiff saw a nurse who could not diagnose the problem and scheduled an appointment with a doctor.  (Id.)  By February 28, 2018, Plaintiff had not seen a doctor and filed a grievance.  (Id.)  Plaintiff put in another medical request on March 14, 2018, because he had still not received help.  (Id.)  About a month after filing his grievance, Plaintiff saw a doctor remotely by videoconference, and the doctor prescribed medicine.  (Id.)  Because a nurse ordered the wrong medicine, the medicine was reordered but given to the wrong person and had to be ordered again.  (Id.)  The prescription arrived on October 16, 2018, but a nurse told Plaintiff it did not come with a prescription.  (Id. at 6.)  The next day a nurse told Plaintiff he could not take the medicine because it was two months old.  (Id.)  The lack of treatment caused Plaintiff stress because

people think he has a contagious disease.  (Id.)  Plaintiff is still in pain and he is "stressed about his health."  (Id.)

On June 10, 2016, Plaintiff requested medical attention for a broken toe, which was healing incorrectly.  (Id. at 7.)  On September 25, 2016, a doctor "at [his] county jail" examined Plaintiff and prescribed him soft shoes but did not perform an x-ray because he did not want to be responsible for the medical bill.  (Id.)  On January 2, 2018, Plaintiff was transferred back to WCF, but medical personnel "kept pushing him off."  (Id.)  As a result, Plaintiff's foot healed incorrectly and he experiences extreme pain when he bends it or puts too much weight on it.  (Id.)  Plaintiff also experiences balance issues and had to be put on crutches.  (Id.)  Between September 7 and 18, 2018, Plaintiff's foot was x-rayed.  (Id.)  A month later, medical personnel told Plaintiff they could not help him but gave him the option of taking pain medication and wearing toe pads to keep his toes from rubbing together.  (Id.)

Plaintiff's allegations do not establish he faces an "imminent danger of serious physical injury."  Mitchell, 873 F.3d at 874.  The toe and scalp conditions he describes may be bothersome but do not constitute nor pose a risk of serious physical injury.  Nor does Plaintiff allege a total denial of treatment.  Id.

Accordingly, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 2), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this lawsuit, he

should be required to initiate a new lawsuit, which would require submission of a new complaint and payment in full of the filing fee at the time of filing. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 21st day of December, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA